```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL ORIAKHI,

                    Petitioner,
                                            MEMORANDUM & ORDER
              v.                            21-CV-2373 (KAM)

DEPARTMENT OF HOMELAND SECURITY,

                    Respondent.
----------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

Petitioner Daniel Oriakhi filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, requesting that this court intervene in his efforts to adjust his immigration status to Lawful Permanent Resident.  (ECF No. 1, Petition for Writ of Habeas Corpus.)  Petitioner's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Order.[1]  (ECF No. 2, Motion for Leave to Proceed In Forma Pauperis.)  The petition is hereby dismissed because this court lacks jurisdiction to consider petitioner's request.

## BACKGROUND

On February 14, 2020, petitioner commenced a prior action requesting this court's intervention in his efforts to adjust his immigration status.  (*See* Docket No. 20-cv-821

---

[1] Petitioner did not pay the $5 filing fee, and his motion for leave to proceed IFP (ECF No. 2) does not include any details of his financial circumstances.

(KAM).)  Petitioner alleged that he had filed an I-485 application with the United Stated Citizenship and Immigration Services ("USCIS") on April 8, 2019, in which he sought to adjust his status to Lawful Permanent Resident.  (Docket No. 20-cv-821, ECF No. 1, at 2.)  Petitioner attached a Notice of Decision letter dated January 13, 2020, in which USCIS denied his application on the ground that, on November 8, 2012, an immigration judge had entered a Final Removal Order.  (Docket No. 20-cv-821, ECF No. 1, at 27.)  Mr. Oriakhi requested that this court "grant this Habeas Corpus under 28 U.S.C. § 2241 – directing that my adjustment status to Lawful Permanent Resident [be] hereby granted."  (Docket No. 20-cv-821, ECF No. 1, at 6.)

By Order dated June 23, 2020, this court dismissed the petition in Case No. 20-cv-821, finding that the court did not have jurisdiction to consider the request because the REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a)(5), provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal. . . ."  8 U.S.C. § 1252(a)(5).  The court explained that a petitioner must file his petition for review "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  8 U.S.C. § 1252(b)(2).  (Docket No. 20-cv-821, ECF No. 3, at 2-3.)

The Clerk of Court entered final judgment on June 26, 2020. (Docket No. 20-cv-821, ECF No. 4.) The same day, the Clerk's Office mailed a copy of the judgment and an appeals packet to petitioner at the address provided. (*Id*.) On September 16, 2020, the court received a letter from petitioner, dated September 10, 2020, stating that he had not received the order and requesting leave to file a late appeal. (Docket No. 20-cv-821, ECF No. 5.) The court denied petitioner's request. (Docket No. 20-cv-821, Docket Order 9/21/20.)

On March 23, 2021, petitioner filed the instant submission in the United States Court of Appeals for the Second Circuit ("Second Circuit"). The submission was captioned for the Second Circuit and titled a Motion for Leave to File a Second or Successive 28 U.S.C. § 2241. (Docket No. 21-cv-2373, ECF No. 1-2.) Petitioner asserted that he did not receive the district court's dismissal of his petition in Case No. 20-cv-821 until after he called the Pro Se Office on September 10, 2020 and requested that it be sent to him. (Docket No. 21-cv-2373, ECF No. 1, at 2.) The March 23, 2021 submission included a new "Motion Under 28 U.S.C. Section 2241," captioned for the United States District Court for the Eastern District of New York and dated March 17, 2021. (Docket No. 21-cv-2373, ECF No. 1, at 87-94.) The submission also included documents from Case No. 20-cv-821 and from Petitioner's prior immigration proceedings, and

3

recent communications from the USCIS between September 15, 2020 and March 3, 2021.  The Second Circuit forwarded the March 23, 2021 submission to this court, where it was docketed under Case No. 21-cv-2373.

**DISCUSSION**

As the court previously explained, the federal district courts' jurisdiction over immigration matters is limited by the REAL ID Act of 2005.  Only "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings" may review an order of removal.  8 U.S.C. § 1252(b)(2).  This limitation applies to any claims that are "inextricably linked to" a removal order, including mandamus actions to compel USCIS to consider adjustment-of-status petitions that indirectly challenge a prior removal order.  *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011); *Singh v. USCIS*, No. 15-cv-1441 (JMF), 2016 WL 1267796, at *6 (S.D.N.Y. Mar. 30, 2016); *Mamadjonova v. Barr*, No. 19-cv-1317 (VLB), 2019 WL 6174678, at *6 (D. Conn. Nov. 20, 2019).

Petitioner's documents indicate that an immigration judge issued a Final Removal Order on November 8, 2012.  Petitioner does not include that Decision among the documents he submitted to the court, nor does he state where that order was issued.  Petitioner sought to transfer his immigration proceeding from the Executive Office of Immigration Review in

4

Arlington, Virginia to the office located at 201 Varick Street in New York. (Docket No. 21-cv-2373, ECF No. 1, at 42.) If the immigration judge who issued the November 8, 2012 Final Removal Order was located in Virginia, then petitioner must submit his petition for review in the Court of Appeals for the Fourth Circuit. As the only possibility for judicial review lies with the appropriate court of appeals, and as this court does not have jurisdiction over the petition, the petition is dismissed.

**CONCLUSION**

For the foregoing reasons, the petition is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing the action, close this case, mail a copy of this Order and the judgment to the *pro se* petitioner and note service on the docket.

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated: May 21, 2021
Brooklyn, New York

5